IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | | |
|---|---|---|
| Robert Marberger, | ) | Case No.: 3:22-02375-MGL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT** |
| | ) | |
| Jeremy R. Nivens and DZYK Transportation Services, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**COMES NOW THE DEFENDANTS**, Jeremy R. Nivens and DZYK Transportation Services, LLC, who hereby move for an Order granting partial summary judgment in the above-referenced matter. Specifically, Defendants respectfully request that this Court grant summary judgment in Defendants' favor as to Plaintiff's claims for 1) permanent injury (and any alleged accompanying future medical expenses), and 2) lost wages. This Motion is made pursuant to Rule 56, FRCP. Pursuant to Local Rule 7.04, a full explanation of this Motion containing all the requirements of Local Rule 7.05 is embedded below.

## NATURE OF THE CASE

This action arises out of a three-vehicle motor vehicle collision which occurred on September 9, 2021 on Interstate 95 in Sumter County, South Carolina. (Am. Compl., at ¶ 7 [Dkt. No. 35].) Plaintiff filed this lawsuit on June 22, 2022 in the Sumter County Court of Common Pleas. (Compl. [Dkt. No. 1-1].) Defendant Nivens timely answered and removed this case based on the Court's diversity jurisdiction. (Not. Removal [Dkt. No. 1]; Ans. [Dkt. No. 4].)

## FACTS BEARING ON THE MOTION

Both Plaintiff and Defendant Jeremy Nivens were traveling northbound, with Plaintiff operating a pickup truck and Defendant Nivens driving a tractor trailer branded with the logo of DZYK Transportation Services, LLC d/b/a DTS Transportation. Plaintiff alleges that Defendant Nivens, while in the course and scope of his alleged employment with Defendant DZYK, caused his vehicle to strike Plaintiff's vehicle, which then caused Plaintiff to collide with the rear of a third-party vehicle. (Am. Compl., at ¶ 8 [Dkt. No. 35].) Defendants denied liability. (Ans.to Am. Compl. by Jeremy Nivens, at ¶ 9 [Dkt. No. 43]; Ans. to Am. Compl. by DZYK Trans., at ¶ 8].) Plaintiff has pled entitlement to damages for permanent injuries and lost wages. (Am. Compl., at ¶ 12 [Dkt. No. 35].) As discussed below, Plaintiff has failed to provide competent evidence of either category of damages.

Plaintiff's last deadline to disclose expert witnesses was pursuant to the Fourth Amended Scheduling Order. (4th Am. Sched. Ord. [Dkt. No. 53].) This deadline was October 30, 2024. (*Id.*) On October 22, 2024, Plaintiff filed an Amended Expert Witness Disclosure, wherein he identified Southeastern Life Care Planning, LLC and Carter Chapman, P.E. of Southeast Forensic Consultants, LLC as expert witnesses in this matter. (Pl.s' Am. Exp. Wit. Disc. [Dkt. No. 59].) However, Plaintiff failed to identify—whether under "26(a)(2)(B)" or "26(a)(2)(C)"[1]— an expert who is qualified to opine about Plaintiff's alleged permanent injuries or lost wages before or after this deadline. Moreover, there have been many previous versions of this same deadline under the prior Scheduling Orders in this case, and no such expert witness disclosure was filed or served pursuant to those deadlines either. Discovery concluded on February 28,

---

[1] According to Rule 26(a)(2)(A), FRCP, a party must disclose *all* of his anticipated experts, whether the expert is one retained especially for trial and who must prepare a report pursuant to Rule 26(a)(2)(B), FRCP, or one who is not required to provide a report but whose subject matter and summary of opinions still must be disclosed pursuant to Rule 26(a)(2)(C), FRCP.

2025, pursuant to the Fifth Amended Scheduling Order. (5th Am. Sched. Ord. [Dkt. No. 76].) This Motion follows.

## STANDARD OF REVIEW

Summary judgment is a procedural device and, as a result, the federal summary judgment standard applies in diversity cases. *See Gen. Acc. Fire & Life Assur. Corp. v. Akzona, Inc.*, 622 F.2d 90, 93 (4th Cir. 1980). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A fact is "material" if proof of its existence or non-existence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986).

While a court ruling on a motion for summary judgment must view the evidence in the light most favorable to the non-moving party, the non-moving party may not oppose a motion for summary judgment with mere allegations or denials of the movant's pleading. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Anderson*, 477 U.S. at 252; *Shealy v. Winston,* 929 F.2d 1009, 1012 (4th Cir. 1991). Rather, the non-moving party must "set forth specific facts" demonstrating a genuine issue for trial. *Anderson*, 477 U.S. at 248. "Mere unsupported speculation ...is not enough to defeat a summary judgment motion." *Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc.,* 53 F.3d 55, 62 (4th Cir. 1995); s*ee also Davis v. University of North Carolina*, 263 F.3d 95, 97 n. l (4th Cir. 2001) (quoting *Plett v. United States*, 185 F.3d 216 (4th Cir. 1999)). In short, "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex* at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323. In a diversity case, "[f]ederal law

determines whether the evidence is sufficient to carry the issue… to the jury." *McKinley v. Rawls*, 333 F.2d 198, 199 (4th Cir. 1964). However, "while the question of whether evidence is sufficient to survive summary judgment is generally a matter of federal procedural law, 'the "expert testimony" rule' may be 'so closely interrelated with the substantive cause of action … that federal courts sitting in diversity cases should apply the state rule in order to fully realize state substantive policy.'" *In re Lipitor (Atorvastatin Calcium) Mktg., Sales Pracs. & Prod. Liab. Litg.*, 227 F. Supp. 3d 452, 468 (D.S.C. 2017) (quoting *Hemingway v. Ochsner Clinic*, 722 F.2d 1220, 1225 (5th Cir. 1984).

"Under South Carolina law, a plaintiff in a negligence action has the burden of proving that the injury was caused by the actionable conduct of the particular defendant." *Goewey v. United States*, 886 F. Supp. 1268, 1279 (D.S.C. 1995), *aff'd sub nom. Goewey by Goewey v. United States*, 106 F.3d 390 (4th Cir. 1997) (citing *Ryan v. Eli Lilly & Co.*, 514 F.Supp. 1004 (D.S.C.1981). Similarly, a plaintiff in a negligence action must prove that they actually suffered the injury they allege. *See Anderson v. Campbell Tile Co.*, 202 S.C. 54, 24 S.E.2d 104, 109 (1943) (noting, in a case examining expert medical testimony, that in addition to proximate cause, "the burden was upon the claimant to show the fact of the injury by competent testimony.").

"While the specific language used by courts vary to some degree, all jurisdictions require expert testimony at least where the issues are medically complex and outside common knowledge and lay experience." *In re Lipitor (Atorvastatin Calcium) Mktg., Sales Pracs. & Prod. Liab. Litig.*, 226 F. Supp. 3d 557, 569–70 (D.S.C. 2017), *aff'd sub nom. In re Lipitor (Atorvastatin Calcium) Mktg., Sales Pracs. & Prod. Liab. Litig. (No II) MDL 2502*, 892 F.3d 624 (4th Cir. 2018) (collecting over one hundred cases, including *Babb v. Lee Cnty. Landfill SC,*

*LLC*, 405 S.C. 129, 153, 747 S.E.2d 468, 481 (2013)) ("The general rule in South Carolina is that where a subject is beyond the common knowledge of the jury, expert testimony is required."). In such medically complex situations, "[a] jury's finding of causation in the absence of any expert testimony would be based on impermissible speculation or conjecture." *In re Lipitor*, 226 F. Supp. 3d at 579. "Under South Carolina law, in a tort case 'where a medical causation issue is not one within the common knowledge of the layman,' the plaintiff must present 'medical expert testimony' in order to establish causation. *Jones v. Am. Cynamid Co.*, 139 F.3d 890 (4th Cir. 1998). *See, e.g.*, *Goewey v. United States*, 886 F. Supp. 1268, 1279 (D.S.C. 1995), *aff'd sub nom. Goewey by Goewey v. United States*, 106 F.3d 390 (4th Cir. 1997) (noting plaintiff's failure to produce reliable expert testimony on the causal connection between plaintiff's contact with roof coating and subsequent development of progressive neurological impairments).

Expert testimony is thus "rather obviously indispensable to recovery" where "[w]ithout additional proof by way of medical opinion. . . the jury [would be] left to surmise and conjecture." *Gambrell v. Burleson*, 252 S.C. 98, 107, 165 S.E.2d 622, 626 (1969). By logical extension, this standard applies to a plaintiff's burden to prove the actual injury complained of as well as its proximate cause. *See Anderson v. Campbell Tile Co.*, 202 S.C. 54, 24 S.E.2d 104, 109 (1943) (noting in a case examining expert medical testimony that in addition to proximate cause, "the burden was upon the claimant to show the fact of the injury by competent testimony.").

## ARGUMENT

**I.     Plaintiff has not provided expert testimony as to causation of permanent injury.**

Plaintiff alleges in his Complaint that he is entitled to damages for, *inter alia*, permanent injuries. (Am. Compl., at ¶ 12 [Dkt. No. 35].) At his deposition, Plaintiff testified to his view of the alleged permanent injuries. For instance, he stated that he contracted Hepatitis B while

receiving a blood transfusion during his hospitalization following the underlying incident. (Dep. of Robert Marberger, 63:20-22 (excerpts attached hereto as **Exhibit A**).) Plaintiff contends that Hepatitis B is a permanent condition that will require he take medication each day. (*Id*., at 64:2-9.) Likewise, Plaintiff testified that he is now required to take medication each day to address seizures and injuries to his brain. (*Id*., at 68:17-23.) Defendants anticipate that at the trial of this matter, Plaintiff will contend that he suffers from permanent injuries such as a Hepatitis B infection and brain damage, which will require medical care in the future and continued prescription medication to address these conditions.

Further, as evidenced by his life care plan, it is clear Plaintiff intends to present evidence supporting other alleged permanent injuries and significant associated medical costs. (Life care plan attached as **Exhibit B**.) In the report, registered nurse Rebecca Bailey provides opinions regarding future medical conditions that Plaintiff will experience because of his reported musculoskeletal, neurologic, ophthalmic, orthopedic, and psychosocial injuries. (*See, e.g., id*., at pp. 7, 36–41.) Based on this analysis, Rebecca provides a "lifetime cost projection" for Plaintiff. (*Id*., at p. 53.) Those costs are alleged to include future medical care, diagnostic imaging, therapeutic modalities, prosthetics, and "other" costs, which totals $167,007.00. (*Id*.) However, that projection appears to be subject to further change, as surgeries and procedures, medications, and home care and assistance are listed as "to be determined" costs. (*Id*.)

Clearly, Plaintiff—a layman—intends to offer his own testimony to show causation between the underlying collision and his alleged permanent injuries. Should he testify in such a manner, he would invite the jury into speculation and conjecture. Without question, ophthalmic complications, prolonged orthopedic injuries, and post concussive brain injuries / neurological damage claims, etc. are beyond the purview of the layman and require expert support be

presented to the jury. Therefore, Plaintiff's testimony, alone, would fail to meet the burden set forth under South Carolina law to establish a reliable causal connection between his symptoms and the subject incident.

Additionally, it appears that Plaintiff will offer Rebecca Bailey's opinions and report as further support for his claims of permanent injury and future medical costs. However, Defendants set forth in greater detail in their Motion to Exclude Rebecca Bailey, Dkt. No. 77, Ms. Bailey is wholly unqualified under the Rule 702, FRE, to offer opinions and provide recommendations as to Plaintiff's permanent orthopedic, ophthalmic, brain, etc. injuries. Specifically, she does not have the "knowledge, skill, experience, training, or education" to testify as to these matters. Ms. Baily is a Registered Nurse and Life Care Planner, and her credentials are well-documented.  (*See* Life Care Plan, at pp. 59-61.)  A Registered Nurse's scope of practice includes implementing and monitoring the plan of care as determined by a qualified healthcare provider who has prescriptive authority, i.e. a physician. Having a Life Care Planning Certification does not expand the Life Care Planner's professional scope of practice to include prescriptive healthcare authority. Ms. Bailey reached far beyond her professional scope as a Life Care Planner and Registered Nurse when she attempted to independently develop recommendations within her report. Ms. Bailey's opinions and recommendations are not only inadmissible, but they also fail to form the proper foundation of medical expert testimony to meet Plaintiff's burden of proof on causation as is mandated by the Fourth Circuit Court of Appeals in the authority cited above. Therefore, Defendants respectfully request this Court grant it motion for partial summary judgment, as there are no genuine issues of material fact as to Plaintiff's alleged permanent injuries or future medical expenses.

**II.     Plaintiff has not presented any evidence of lost wages.**

Plaintiff also claims lost wages. (Am. Compl., at ¶ 12 [Dkt. No. 35].)  As with the discussion on permanent injuries above, this is a *Celotex*-style 'no evidence' motion for summary judgment on the issue of lost wages.  In his deposition, Plaintiff testified that at the time of the underlying incident he was operating a produce market from his home. (Dep. of Robert Marberger, 17:7-15.)  Further, Plaintiff stated that he has not been working since the time of the accident. (Id., at 17:4-6.)  However, Plaintiff has failed to produce any evidence or testimony that itemizes any lost wages caused by the underlying incident, and therefore Plaintiff's lost wages claim is without any support.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court enter an Order granting partial summary judgment in Defendants' favor as to Plaintiffs' claims for permanent injuries (and any alleged accompanying future medical expenses) and lost wages.

*Signature page to follow.*

        Respectfully submitted,

        Sweeny, Wingate & Barrow, P.A.

        s/ Aaron Hayes
        Aaron Hayes, Fed. I.D. No. 11196
        Post Office Box 12129
        Columbia, SC 29211
        (803) 256-2233
        ATTORNEYS FOR DEFENDANT
        NIVENS

        McAngus Goudelock and Courie, LLC

        s/ Adam Ribock
        Adam Ribock, Fed, I.D. No. 12287
        1320 Main Street, 10th Fl.
        Columbia, SC 29201
        (803) 779-2300
        ATTORNEYS FOR DEFENDANT DZYK
        TRANSPORTATION SERVICES, LLC

Columbia, South Carolina

March 14, 2025