IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| ROBERT MARBERGER ) | |
| ) | |
| Plaintiff, ) | C/A No.: 3:22-cv-02375-MGL |
| ) | |
| -vs- ) | **PLAINTIFF'S RESPONSE TO** |
| ) | **DEFENDANTS' MOTION TO EXCLUDE** |
| JEREMY R. NIVENS and ) | **RECCA BAILEY AS AN EXPERT IN** |
| DZYK TRANSPORTATION SERVICES, ) | **THIS CASE** |
| LLC, ) | |
| ) | |
| Defendants. ) | |

Plaintiff hereby provides the following Response to Defendant's Motion to Exclude Rebecca Bailey As An Expert In This Case:

**ARGUMENT**

Rebecca Bailey is qualified to serve as an expert witness in this case, and her opinions are relevant and reliable under the *Daubert* Standard. Defendants make several arguments which are erroneous and unsupported. Defendants argue that because a Registered Nurse does not have the prescriptive healthcare authority of a physician, Bailey cannot opine as to the future cost of Marberger's healthcare. *See* Def. Mot. Exclude, Dkt. 77, at P. 4. Courts in the Fourth Circuit have routinely rejected arguments that non-physicians can not present life care plans under the *Daubert* Standard. *See Boden v. United States*, No. 7:18CV00256, 2019 WL 6883813, at *3 (W.D. Va. Dec. 17, 2019); *Burress v. Winters*, No. CIV. WDQ-08-2622, 2010 WL 2090090, at *1 (D. Md. May 21, 2010); *Payne v. Wyeth Pharms., Inc.*, No. CIVA 2:08CV119, 2008 WL 5586824, at *4 (E.D. Va. Nov. 17, 2008).

Next, Defendants argue that "A Registered Nurse's scope of practice includes implementing and monitoring the plan of care determined by a qualified healthcare provider who

indeed does have prescriptive authority, e.g. a physician. Having a Life Care Planning Certification does not expand the Life Care Planner's professional scope of practice to include prescriptive healthcare authority." Defendants make this assertion regarding a Registered Nurse's scope of practice without support. In South Carolina, a Registered Nurse's scope of practice is defined by statute to include:

(a) Assessing the health status of persons and groups;
(b) Analyzing the health status of persons and groups;
(c) Establishing outcomes to meet identified health care needs of persons and groups;
(d) Prescribing nursing interventions to achieve outcomes;
(e) Implementing nursing interventions to achieve outcomes;
(f) Administering and delivering medications and treatments prescribed by an authorized licensed provider;
(g) Delegating nursing interventions to qualified others;
(h) Providing for the maintenance of safe and effective nursing care rendered directly or indirectly;
(i) Providing counseling and teaching for the promotion and maintenance of health;
(j) Evaluating and revising responses to interventions, as appropriate;
(k) Teaching and evaluating the practice of nursing;
(l) Managing and supervising the practice of nursing;
(m) Collaborating with other health care professionals in the management of health care;
(n) Participating in or conducting research, or both, to enhance the body of nursing knowledge;
(o) Consulting to improve the practice of nursing;
(p) Performing additional acts that require special education and training and that are approved by the board.

S.C. Code Ann. § 40-33-20(48). This scope of practice is far broader than the scope which Defendants assert. Further, it demonstrates that Rebecca Bailey has the foundational scientific, technical, and specialized knowledge required to support the opinions made in her report. Additionally, the "lion's share" of the total cost of future care projected by Bailey is for nursing services, representing $126,672 out of the total projected cost of $167,007. This is specifically in the scope of care of a Registered Nurse prescribed by subsection (d) of the statute. *Id.*

In their Motion, Defendants state that Rebecca Bailey recommends the following:

- Physical Medicine & Rehabilitation Consult and Office Visits
- Neurology and Neuropsychology Office Visits
- Orthopedic Consult, Office Visits (Neck, Back, and Knees)
- X-Rays, MRIs, and CT Scans
- Prescriptions
- Physical Therapy Evaluations and Sessions
- Physical Therapy Sessions
- Dentures
- Remote Telecaregiving Home Monitoring Installation, Rental, and Monitoring
- Nurse Case Manager
- Occupational Therapy Home Evaluation
- Driving Evaluation

Def. Mot. Exclude, Dkt. 77, at P. 4. This misstates the content of the report, Rebecca Bailey's testimony, and is a "straw man" for the actual content of the report and opinions rendered.

Rebecca Bailey's report only provides the total cost, duration, and frequency of the treatments which she can recommend based on her scope of practice, the data available to her from the medical records, and the reliable methodology of life care planning which she lays out in her report. *See* Bailey's Report, Dkt. 77-1, at P. 43-53. In the areas where she needed more data, consultation, or was otherwise unable to make the recommendations, she did not provide the total cost, duration, or frequency of the treatments, and these did not factor into the total future cost of the treatment recommended. *Id.* The recommendations which contribute to the total cost of the future medical care are: one yearly Ophthalmology Office Visit, one Full Visual Field Exam, one Physical Medicine and Rehabilitation Consult, one Neuropsychological Evaluation, one Orthopedic Consult, one ENT consult, one biyearly Prosthodontist Office Visit, four X-ray scans, four MRI scans, one CT scan one Physical Therapy evaluation, two sets of dentures, one hour of a nurse case manager's time per week, one Occupational Therapy Home Evaluation, and one Driving Evaluation. *Id.* All of these treatments are recommendations to see specialists based on Bailey's assessment of the health status of Marberger, diagnostic tests which are publicly available

to Marberger, based on the treatment already rendered, or are documented in the medical record reviewed by Bailey.

While Bailey did note other possible future needs in her report, she chose not include them in the total cost of future care until she was able to corroborate with additional data or consultation with Marberger's physicians. *Id.* As stated in her deposition "So there was -- there are some areas that, you know, I believe and anticipate that the physicians may recommend in the future. They may be grayed out. Therefore, they're not costed or they're not in the total cost projection of this report" Deposition of Rebecca Bailey, Dkt. 77-1, at P. 14:18-23; *See also* Bailey's Report, Dkt. 77-1, at P. 43-53. Unfortunately, Bailey was never able to consult with the physicians, and thus Bailey did not add them to total cost of her life care plan. Contrary to Defendants' assertions that Rebecca Bailey's opinions are unreliable, the exclusion of the items which required additional corroboration from the total cost of future medical care is itself a hallmark of reliability in the expert's opinion.

Defendants argue that Bailey erroneously relies on a life expectancy table to determine the future cost of the care needed by Marberger, while also arguing that she does not have the expertise required to make an independent judgment on Plaintiff's life expectancy. Defendants do not cite to any requirement for Bailey to do so. This may be fertile ground for the cross examination of Bailey, but it does not show that her use of the table makes her methodology unreliable. Bailey testified that she uses the same table for her typical methodology, which supports the idea that she can create reproduceable results. Deposition of Rebecca Bailey, Dkt. 77-1, at P. 45:22-46:4. Similarly, Defendants argue that Bailey does not adjust the projection for it's future value, while also arguing that she does not have the expertise to do so. This again is an area which may yield fruit upon cross examination, but in the absence of a requirement to do so, it only speaks to the weight of Bailey's testimony.

## CONCLUSION

Bailey's opinions meet the standard for admissibility under *Daubert* and its progeny. Bailey opines only to that which is in the scope of her role, used reliable methodology, and her opinions bear the hallmarks of reliability. Thus, the Court should not exclude her testimony.

                                            **MORGAN & MORGAN**

                                            BY *s/ Cooper Klaasmeyer*
                                            Cooper Klaasmeyer
                                            Federal ID: 14272
                                            4401 Belle Oak Dr., 3rd Floor
                                            North Charleston, South Carolina
                                            (843) 973-5348

Hilton Head, South Carolina                    ***Attorney for Plaintiff***
March 14, 2025